**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 11, 2006[*]
Decided October 12, 2006

**Before**

Hon. JOHN L. COFFEY, *Circuit Judge*

Hon. FRANK H. EASTERBROOK, *Circuit Judge*

Hon. DANIEL A. MANION, *Circuit Judge*

Nos. 05-3480 & 05-3627

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeals from the United States District Court for the Northern District of Indiana, Fort Wayne Division |
| *v.* | No. 04 CR 49 |
| JAMES I. RIDLEY, *Defendant-Appellant.* | William C. Lee, *Judge.* |

## O R D E R

James Ridley, along with others, robbed a bank at gunpoint and stole over $60,000. A jury found him guilty on two counts: armed robbery and carrying a firearm during a crime of violence. *See* 18 U.S.C. §§ 2113(a), 2113(d); 924(c). The district court sentenced Ridley on these two counts to consecutive sentences of 77 and 84 months' imprisonment and concurrent five- and three-year terms of

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

supervised release respectively. It also ordered Ridley to pay $49,284 in restitution. Although the court's restitution order required Ridley to participate in the inmate financial responsibility program and pay any restitution remaining after his incarceration as a condition of his supervised release, it did not set a specific payment schedule in consideration of his ability to pay.

Ridley contends that the district court erred in ordering him to pay restitution without considering his ability to pay and fixing a payment schedule as required by the Mandatory Victims Restitution Act of 1996. Pub. L. No. 104-132, § 206, 110 Stat. 1214, 1234 (1996) (amending 18 U.S.C. § 3664). *See United States v. Day*, 418 F.3d 746, 761 (7th Cir. 2005). Ridley forfeited this argument by not raising it in the district court, rendering our review for plain error only. *See* Fed. R. Crim. P. 52(b). But a district court has plainly erred when it orders restitution without fixing a payment schedule in consideration of the defendant's ability to pay, as the government concedes happened here. *See United States v. Pandiello*, 184 F.3d 682, 688 (7th Cir. 1999). We agree. Accordingly, in case no. 05-3480 we VACATE the district court's order regarding restitution and REMAND with instructions to set a payment schedule in light of Ridley's financial circumstances. Case no. 05-3627, which we consolidated for purposes of briefing and disposition, is DISMISSED as duplicative.